LOUIS STERN SONS, INCORPORATED, a corporation, complainant,

*v.*

JOHN CONNOLLY, defendant.

[Decided December 31st. 1923.]

1. Where an agreement has been entered into between parties, and the terms thereof are subsequently reduced to writing, and the writing fails to correctly and accurately set forth the terms of the agreement as made, a court of equity, upon clear proof thereof, will reform the instrument and make it conform to the real agreement between the parties.

2. Evidence examined and *held* that the contract in question should be reformed as prayed for in the bill.

On pleadings and proofs.

*Messrs. Lichtenstein & Lichtenstein,* for the complainant.

*Mr. John J. Fallon,* for the defendant.

LEWIS, V. C.

The bill in this case is filed to cancel or reform the following instrument:

"Kearny, N. J.. December 6, 1919.

I, the undersigned, John Connolly, of Hoboken, N. J., hereby agree to buy, and Louis Stern Sons, Inc., of Kearny, N. J., agree to sell about twenty-five thousand (25,000) empty barrels, single and double heads, soft and hard wood, at seventy-five cents ($.75) each ex Louis Stern Sons, Inc., Kearny, N. J., plant.

It is further agreed that the delivery will be completed April 1st, 1920.

It is further agreed that Louis Stern Sons, Inc., will not sell barrels whose capacity is between forty-five (45) and fifty-five (55) gallons to any cooperage concern within the term of this contract.

Receipt of two thousand dollars ($2,000) is hereby acknowledged as deposit on the fulfillment of this contract and to be deducted at the expiration of same.   Settlement to be made for each week's delivery.

JOHN J. CONNOLLY.

LOUIS STERN SONS, INC.,
        Edward Stern,
                *Secretary."*

There is no dispute but that prior to the signing of this agreement the parties had entered into a contract for the purchase and sale of certain barrels of the complainant. The contention of the complainant is, that this instrument does not accurately set forth the terms of that contract. The defendant, on the other hand, insists that the writing is in accord with the verbal terms agreed upon.

It appears that complainant conducts its business of rendering fats, &c., at or near Kearny, New Jersey. Material is sent to the plant in barrels, and in the course of the complainant's business some of the barrels are returned or otherwise disposed of, but a large number, from time to time, accumulate. It was this accumulation that led to the making of the agreement in question. It was estimated that the number of barrels which had accumulated at complainant's plant at the time the agreement was made, less those that might be used in the regular course of its business or be defective and incapable of use, plus additional accumulations during the four months' period which the contract covered, would amount to "about twenty-five thousand (25,000) empty barrels  *  *  *  ex Louis Stern Sons, Inc., Kearny, N. J., plant."

As a matter of fact, only about fifteen thousand (15,000) barrels were delivered under the contract. Connolly thereupon brought an action at law against the Stern corporation. alleging damage because of the failure of the Stern corporation to deliver ten thousand more barrels, and claiming that he was entitled to twenty-five thousand barrels under the terms of the contract. Thereupon this bill was filed to restrain the suit at law and to cancel or reform the contract referred to, complainant conceding that in the law court a strict construction of the provisions of the contract would hold it obligated to deliver the twenty-five thousand barrels, as contended by Connolly; and averring that the real intent of the agreement between the parties was that the number of barrels mentioned in the writing was only an estimate; and that it was never at any time intended that barrels should be delivered except from the accumulation

resulting from the complainant's business; and that it was never intended that it should go outside to obtain barrels for the purpose of supplying them to Connolly.

Connolly, however, contends that complainant should be held to a strict performance of the contract, and that he is entitled to receive twenty-five thousand barrels, with the allowance of some slight deviation because of the word "about," or else should be paid damages for the non-delivery thereof; and denies that any such intent, as claimed by the complainant, existed.

Where an agreement has been entered into between parties, and the terms thereof are subsequently reduced to writing, and that writing fails to correctly and accurately set forth the terms of the agreement as made, a court of equity, upon clear proof thereof, will reform the instrument and make it conform to the real agreement between the parties. This is a well-established principle of equity jurisprudence, and if the proofs in this case made it clear that such a situation exists between these parties, the complainant would be entitled to a reformation.

I do not think the testimony in any way discloses a right to cancellation.

In view of the testimony adduced by the complainant, and of the circumstances surrounding the making of the agreement, I am satisfied that the complainant never contemplated selling to the defendant any barrels except those which accumulated at its plant in Kearny in the course of its fat rendering business. This is particularly strengthened by the concluding phrase of the contract above quoted, i. e., ex (from) Louis Stern Sons, Inc., Kearny, N. J., plant. It is unlikely that the complainant had any other thought or intent than that of disposing of such surplus. It was not in the cooperage business, but it simply possessed these barrels as an incident to its other business.

There was a clear attempt on the part of both the complainant and the defendant to estimate and ascertain the number of barrels which had accumulated at the plant when

the agreement was made, and of the accumulation that would result during the life of the contract.

While, ordinarily, the term "about" would not permit of so extensive a deviation as ten thousand barrels, under a contract to supply twenty-five thousand barrels, still, I am satisfied that in the present instance, the number of barrels stated in the contract was based simply upon an estimate under existing conditions, and not intended to be binding in number beyond the limits of the existing accumulation and the probable addition thereto.

I am not so sure that the law court would give any other construction to the contract than that claimed by the complainant, but in the event that the law court should rule otherwise, the granting of equitable relief at this time would at least prevent recurrent litigation. *Green* v. *Morris Railway Co., 12 N. J. Eq. 165.*

If, therefore, equitable relief of reformation, customarily exercised under the circumstances heretofore indicated, is properly applicable to a situation where the complainant goes so far as to seek reformation, not because the written instrument fails to set forth the correct terms of the verbal agreement, but because it fails to clearly indicate the real intent of the parties, then I would be inclined to grant the reformation prayed for by the complainant in this case.

This proposition is not free from doubt in my mind, but there are authorities which seem to go that length. In *Hunt* v. *Rhodes, 26 U. S. 1,* the United State supreme court stated:

"Where an instrument is drawn and executed which professes or is intended to carry into execution an agreement, whether in writing or by parol, previously entered into, but which, by mistake of the draftsman, either as to fact or law, does not fulfill or which violate the manifest intention of the parties to the agreement, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement." *Stines* v. *Hay, 86 N. J. Eq. 369; Green* v. *Morris Railway Co., 12 N. J. Eq. 169; Cochran* v. *Burns, 91 N. J. Eq. 7; Weart* v. *Rose, 16 N. J. Eq.* (at *p. 297*); *Tenebaum* v. *Lambert Co., 215 S. W. Rep. 596; 8 A. L. R. 745; Fow-*

*ler* v. *Vreeland, 44 N. J. Eq. 268; affirmed, 44 N. J. Eq. 272; Trusdell* v. *Lehman, 47 N. J. Eq. 218; Zarecki* v. *Guar. R. Co., 82 N. J. Eq. 489.*

The other phases of the case argued by counsel I am not concerned with on the question of reformation. They will doubtless be disposed of on the trial of the action at law.

I will therefore advise a decree granting the reformation prayed for.